UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GENERAL DRIVERS, WAREHOUSEMEN &
HELPERS, LOCAL UNION NO. 89                                                            PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:12-CV-362

JACK COOPER TRANSPORT CO.                                                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On February 1, 2013, this court granted the motion of defendant Jack Cooper Transport Company ("Jack Cooper") to dismiss the second amended complaint filed by plaintiff General Drivers, Warehousemen and Helpers, Local Union No. 89 ("Local 89") for failure to state a claim. Jack Cooper has now filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (DN 38).

Local 89 filed its initial complaint on June 29, 2012, naming as defendants Jack Cooper and the National Automobile Transporters Joint Arbitration Committee ("NATJAC"). On July 3, 2012, Local 89 amended its complaint and added as defendants the National Automobile Transporters Labor Division ("NATLD") and the Teamster National Automobile Transporters Industry Negotiating Committee ("Teamster Committee"). On July 23, the attorney for Jack Cooper, who also represented NATJAC and NATLD, sent a fax to Local 89 requesting that NATJAC and NATLD be dismissed from the suit. Additionally, in a letter dated July 30, 2012, Jack Cooper's attorneys sent a letter to Local 89's General Counsel asserting that the claims Local 89 brought against Jack Cooper were "unsupported by the evidence and [we]re neither warranted by existing law nor by a

non-frivolous argument for the extension, modification or reversal of existing law or the establishment of new law." The letter purported to constitute notice under the safe-harbor provision of Rule 11 that Jack Cooper would seek sanctions pursuant to Rule 11 if Local 89 did not withdraw its claim against Jack Cooper within twenty-one days of the date of the letter. The letter proceeded to set forth facts that Jack Cooper believed were undisputed, as well as the law applicable to federal court review of labor arbitration decisions. The letter continued, "In light of the very high standard required before a federal court can set aside an arbitration decision, let alone reverse that decision and in light of the paucity of evidence or law supporting Local 89's assertions, it is beyond doubt that the complaint is meritless, frivolous and unsupported by law or fact."

Around the time that Jack Cooper sent the missives to Local 89 requesting that Local 89 dismiss its claims against NATJAC, NATLD, and Jack Cooper, Local 89 hired outside counsel, Scott Soldon, to represent it in this action. Soldon sent an e-mail to Jack Cooper's attorney stating that Local 89 agreed to file a second amended complaint that dropped NATJAC and NATLD. Local 89 proceeded to file a motion, which was subsequently granted by the court, to file such a second amended complaint. The sole claim left in the second amended complaint was a breach of contract claim against Jack Cooper. Jack Cooper moved to dismiss the second amended complaint. This court granted that motion and dismissed the action with prejudice. Thereafter, Jack Cooper filed the currently-pending motion for sanctions.

Jack Cooper's motion for sanctions fails because Jack Cooper did not properly comply with the procedural requirements for filing a Rule 11 motion for sanctions. Rule 11(c)(2), commonly referred to as the safe harbor provision, provides:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be

- 3 -

> served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. . . .

In accord with the plain language of that provision, the Sixth Circuit has made clear that "a party seeking sanctions must follow a two-step process: first, serve the Rule 11 motion on the opposing party for a designated period (at least twenty-one days); and then file the motion with the court." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). Here, Jack Cooper failed to comply with the requirement that it serve its motion for sanctions at least 21 days prior to filing or presenting it to the court.

Jack Cooper argues that its letter to Local 89 was sufficient to meet the requirements of the safe harbor provision. In support, Jack Cooper cites to *Barker v. Bank One, Lexington N.A.*, 1998 WL 466437 (6th Cir. 1998). To be sure, in that case, the Sixth Circuit noted that the defendant had properly complied with the safe harbor provision when the defendant's attorney sent two letters to the plaintiff warning him that the defense would seek sanctions due to the frivolity of the case. *Barker*, 1998 WL 466437, at *2. But the Sixth Circuit also took care to note that, along with sending those letters, the defendant served the plaintiff with the motion for sanctions 21 days before filing it with the court. *Id.* Moreover, the unpublished decision in *Barker* conflicts with the statement in the Sixth Circuit's published decision in *Ridder* that a party seeking sanctions must first serve the Rule 11 motion on the opposing party for at least twenty-one days, *Ridder*, 109 F.3d at 294, and that a failure to follow the "unquestionably explicit" requirements of Rule 11(c)(2) is fatal to a request for sanctions, *id.* at 296-297.

Notably, both this court and other district courts in the Sixth Circuit have previously reached the conclusion that a warning letter does not suffice to satisfy the safe harbor requirements. *See, e.g.*,

- 4 -

*Freedom from Religion Found., Inc. v. City of Warren, Mich.*, 873 F. Supp. 2d 850, 870-871 (E.D.Mich. 2012); *Foster v. Mortgage Elec. Registration Sys., Inc.*, No. 3:10-CV-611 (W.D.Ky. Aug. 16, 2011); *O'Neal v. Kilbourne Med. Labs., Inc.*, 251 F.R.D. 247, 250 (E.D.Ky. 2008). Moreover, the 1993 Advisory Committee Notes to Rule 11 suggest that nothing but service of the actual motion for sanctions will suffice to meet the requirements of the safe harbor provision. The Advisory Committee Notes state:

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of the motion. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

1993 Advisory Committee's Notes on Fed. R. Civ. P. 11. It is clear that the Advisory Committee viewed a letter as a type of informal notice that could not be a substitute for service of a formal motion. Because Jack Cooper did not serve a copy of its motion for sanctions on Local 89 at least twenty-one days before it filed the motion in this court, its motion for sanctions will be denied.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Jack Cooper Transport Company, for sanctions (DN 38) is **DENIED**.

**IT IS SO ORDERED.**